36266. UNITED STATES OF AMERICA v. WATERFORD NO. 2 OFFICE CENTER et al.

Marshall, Justice.

This case is here on certiorari. It presents for decision questions concerning Art. IX of the Uniform Commercial Code (Code Ch. 109A-9; Ga. L. 1978, p. 1081 et seq.), which contains the law governing secured transactions. In 1978, the General Assembly repealed the Georgia version of Art. IX and rewrote it in accordance with the 1972 amendments to the UCC.

In this case, the debtor, U. S. Electronics, is a Missouri

corporation which leased an office and place of business from appellee Waterford No. 2 Office Center in DeKalb County, Georgia. In 1978, U. S. Electronics borrowed money from a Missouri bank, pledging as collateral all of its equipment and machinery at its Atlanta place of business. The appellant Small Business Administration (SBA), an agency of the United States, served as guarantor of this loan. As evidence of its security interest, the Missouri bank filed a financing statement in Fulton County, rather than in DeKalb County, as required by Code Ann. § 109A-9—401 (1) (b). U. S. Electronics defaulted on this loan, and the Missouri bank assigned its interest as lender to SBA. A notice of the assignment was filed by SBA in Fulton County. See Code Ann. § 109A-9—405. In February of 1979, agents of SBA orally informed the president of Waterford that SBA was claiming a security interest in the property of U. S. Electronics located at Waterford's Office Center. In March of 1979, Waterford obtained a judgment against U. S. Electronics in the State Court of DeKalb County for approximately $7,000 in past-due rental payments, thereby becoming a "lien creditor" of U. S. Electronics under Code Ann. § 109A-9—301 (3). The machinery and equipment of U. S. Electronics located at Waterford's Office Center was levied upon in execution of this judgment. The property was purchased at the sheriff's sale for approximately $3,000. The question for decision in this case is whether SBA or Waterford has priority to these proceeds.

Since the filing statement under which SBA claims its security interest was filed in the wrong county, SBA has an unperfected security interest in the property of U. S. Electronics. However, SBA argues that its security interest nonetheless has priority against Waterford by reason of Code Ann. § 109A-9—401 (2), which provides: "A filing which is made in good faith in an improper place . . . is nevertheless effective with regard to . . . collateral covered by the financing statement against any person who has knowledge of the contents of such financing statement." This argument must fail because, even though the record in this case shows that Waterford's president was put on notice that SBA was claiming a security interest in the property of U. S. Electronics, there is no evidence in the record that Waterford was given notice of the full contents of the financing statement. See Code Ann. § 109A-9—402. Knowledge of the claim of a security interest is not equivalent to knowledge of the contents of the financing statement. See White & Summers, Handbook of the Law Under the Uniform Commercial Code, § 23-15 (1972).

In its opinion, the Court of Appeals states that Waterford had knowledge of SBA's claim to security interest, and the Court of Appeals tacitly holds that this is equivalent to knowledge of the

contents of the financing statement. However, the Court of Appeals held that Waterford's judgment lien is nonetheless superior to SBA's security interest, by reason of the 1978 version of Code Ann. § 109A-9—301 (1) (b), which provides: "Except as otherwise provided in subsection (2), an unperfected security interest is subordinate to the rights of a person who becomes a lien creditor before the security interest is perfected." (Ga. L. 1978, pp. 1081, 1102). Prior to 1978, Code Ann. § 109A-9-301 (1) (b) had provided: "Except as otherwise provided in subsection (2), an unperfected security interest is subordinate to the rights of a person who becomes a lien creditor *without knowledge of the security interests* and before it is perfected." (Emphasis supplied.) (Ga. L. 1962, pp. 156, 397). This rule was changed in 1978, because it does not comport with the race-to-the-record concept and because it does not take into account the probability that the lien creditor extended credit at an earlier time when he was without knowledge of the security interest. See Ga. Reviser's Comments to Code Ann. § 109A-9—301.

The Court of Appeals found a conflict between Code Ann. §§ 109A-9—301 (1) (b) and 109A-9—401 (2), and the Court of Appeals resolved this conflict by holding that the filing of a financing statement which is made in good faith in an improper place is effective against any person (except a lien creditor) who has knowledge of the contents of such financing statement.

Our holding is that Waterford has priority under Code Ann. § 109A-9—301 (1) (b), and SBA's claim to priority under Code Ann. § 109A-9—401 (2) must fail because it has not been shown that Waterford acquired knowledge of the contents of the financing statement. Therefore, it is unnecessary to resolve the conflict which the Court of Appeals found to exist between these two Code sections. Accordingly, we order the opinion of the Court of Appeals vacated, but we affirm the judgment for a different reason than that given in the Court of Appeals' opinion.

*Opinion vacated; judgment affirmed. All the Justices concur, except Jordan, P. J., and Hill, J., who dissent.*

ARGUED JULY 8, 1980 — DECIDED SEPTEMBER 17, 1980 —
REHEARING DENIED OCTOBER 7, 1980.

*William L. Harper, Douglas P. Roberto,* for appellant.
*Wesley Williams,* for appellees.